————o————

## No. 3721.

### (Court of Appeal, Parish of Orleans.)

### JOVITE CAU, vs. POSTAL TELEGRAPH AND CABLE COMPANY.

1. The general rule of law is, that a party, not guilty of fraud or bad faith, who breaches a contract, is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract.

2. Where a message is in cipher, or in language unintelligible to the telegraph company, and an error has been made in its transmission or there has been a failure to deliver, or a failure to transmit, consequential damages are to be excluded from consideration, and the recovery must be limited to the sum paid for the message.

3. The damage was caused by the failure of the telegram to reach its destination, and it is immaterial whether it was transmitted or was not transmitted. The verity of a legal principle cannot be tested by, and its application cannot logically depend on the accident of place, or the fact that the act of negligence was com-

mitted, or the performance of a duty omitted, at one end of the line, instead of the other.

Appeal from Civil District Court, Division "D."

W. S. Parkerson, for Plaintiff and Appellant.

Dufour & Dufour, for Defendant and Appellee.

DUFOUR, J. On November 12, 1903, plaintiff telephoned to the office of the defendant company the following cipher message:

> "Rielletel, Havre: Tissue. Titillato. Titular," meaning: "Buy 200 bales of cotton March. 200 bales of cotton April. 200 bales of cotton May."

At the request of the defendant and in accordance with the custom obtaining in such matters, the plaintiff the next morning wrote the message previously telephoned on one of the company's regular blanks.

Receiving no answer to his cablegram, the plaintiff called on the defendant's manager, and, under instructions of the latter, another cablegram was sent inquiring if the first had been received, to which a negative answer was returned.

Plaintiff then sent another order for the purchase of cotton, which was accepted on November 14, and the present suit seeks to recover a loss of $442, caused by the difference of prices between November 13 and November 14.

It is admittted that for some unaccountable reason the telegram was not transmitted by the local office and defendant does not deny its negligence and its resulting liabilty.

The contention urged by defendant in this Court is "that the message was written in cipher, in words that conveyed no information whatsoever to the defendant, or to its agents that a business transaction was involved, nor did it advise them of the character of this transaction, nor that damage might result from the failure to correctly and promptly transmit and deliver the message."

Non-liability for damages such as are claimed by plaintiff is asserted on the authority of R. C. C. 1934, and the case of Hadley, vs. Barendale, to the effect that a party, not guilty of fraud or bad faith, who breaches a contract, is liable only for such damages as were contemplated, or may reasonably be supposed to have en-

tered into the contemplation of the parties at the time of the contract.

The contention is well founded.

In the case of Macheca Bros., vs. Postal Telegraph Cable Co., No. 1591, in which the Supreme Court refused to grant a writ of review, we examined all of the leading case on this subject in various jurisdictions, and laid down the following doctrine as the jurisprudence of this Court:

"Where a message is in cipher or in language intended to be unintelligible to the telegraph company, or its operators, and an error has been made in its transmission, consequential damages are to be excluded from consideration and the recovery limited to the sum paid for the message; but where the face of the message shows that a business transaction is contemplated and that negligence in the transmission may be reasonably attended with pecuniary loss, although the message does not disclose the full meaning of the sender, damages are not restricted to the sum paid for the message, if there should be a negligent alteration of the message in the course of its transmission."

The face of the message in the instant case did not suggest financial loss or commercial importance, and Cau, the only witness, does not testify that he either at the time he telephoned, or later, disclosed its nature to the defendant.

Even, if he had done so when he went to the defendant's office on November 13, it could have had no bearing in fixing at that time, the responsibility, or measure of damage which resulted from failure to transmit a message which should have been sent during the night of the 12th, or early in the morning of the 13th.

Counsel for plaintiff argues that the principles just announced do not refer to a case where the company failed to transmit the the message, and cites as authority for this view the solitary case of Birney, vs. Co. 81 Am. Dec. 607, in which it is said:

"The terms of the notice in which exemption from liability is declared clearly imply an obligation to attempt the transmission and delivery of a message received by it for that purpose, and it would be most unreasonable to permit it to have the benefit of an exemption from liability without first bringing itself within the scope of the exemption provided for, by a full and faithful performance of its implied duties."

This doctrine admits of several conclusive answers.

14

First. It does not appear that the message in the case cited was a cipher one.

Second. The damage was caused by the failure of the telegram to reach its destination. It is immaterial whether it was transmitted and not delivered, or was not transmitted. The verity of a legal principle cannot properly be tested, and its application cannot logically depend on the accident of place, or the fact that the act of negligence was committed at one end of the line instead of the other.

Third. The defendant does not seek exoneration by virtue of the special exemption of its contract, or of the general law; on the contrary, it admits liability, and merely denies the legal correctness of the measure of damages adopted by the plaintiff.

The doctrine invoked by plaintiff, if carried to its full logical conclusion might result in the bankruptcy of telegraph companies, through the fraudulent collusion of dishonest persons.

A cipher message, unintelligible in phraseology and giving on its face no warning of possible consequential damages, in case of non-delivery, might form the basis of a claim for an amount of a character all the more exorbitant that the defendant would be powerless to disprove it.

The defendant tendered the amount of tolls and costs incurred up to date of tender, and the judgment rendered against it for that amount is correct.

Judgment affirmed.